Taft, J.,
concurring. Defendants moved “to set aside the summons * * *, the service thereof made on * * * [defendants], and the returns of the sheriff thereon, for the reason that the purported petition has not been verified, and it is not one exempt from verification.”
It is apparently contended in support of that motion that since, by reason of Section 2703.01, Revised Code, “a civil action must be commenced by filing * * * a petition and causing summons to be issued thereon” and since no petition was filed in the instant case, what was done with respect to the summons must be set aside. This raises the very simple question whether an unverified petition, which is not exempt from verification, is, within the meaning of. our statutes, a petition. If it is, then obviously there is no basis for setting aside the “summons * * * issued thereon.” On the other hand, if such an unverified petition is not a petition within the meaning of our statutes, then there would be no petition upon which to issue summons and the summons should be “set aside.”
Section 2309.03, Revised Code, states what “every pleading must contain” and Section 2309.04, Revised Code, states what “the petition * * * must contain.” Neither section mentions a verification. After thus stating what every pleading and every petition must contain, Section 2309.46, Revised Code, then states that, except in certain instances not here involved, “every pleading # * must be subscribed by the party or his *103 attorney, and every pleading of fact * * * must be verified by the affidavit of the party, his agent, or attorney.” Clearly, the words of Section 2309.46, Eevised Code, recognize a “pleading” as having an existence apart from its verification. Thus, the words “must contain” used in Sections 2309.03 and 2309:04, Eevised Code, or words similar thereto (cf. Specialized Transport, Inc., v. Public Utilities Commission, 170 Ohio St., 539, where statute required “affidavit * * * in * * * application”), are not used in talking about verification of the 'petition.
Furthermore, it may be noted that, although it is stated that “every pleading * * * must be subscribed,” it is only stated that “every pleading of fact [not “every pleading”] * * * milst ]-)6 verified.”
Although those statutory words will obviously give better support to an argument for making proper signing an essential prerequisite to the existence of a petition than they will to an argument for making verification such a prerequisite, this court has recognized even an unsigned petition as a petition. Cincinnati, Hamilton & Dayton Ry. Co. v. Bailey, 70 Ohio St., 88, 70 N. ÍE., 900, Conn v. Rhodes, 26 Ohio St., 644. See also First National Bank v. Reed, 31 Ohio St., 435.
In my opinion, an unverified petition is a petition and hence it follows that there was no basis for setting aside the summons in the instant case merely because it was issued on such a petition. Furthermore, I am of the opinion that the trial court should have permitted plaintiff to add a verification to the petition.
I therefore concur in paragraph two of the syllabus and in the judgment but dissent from paragraph one of the syllabus.
Matthias and Behl, JJ., concur in the foregoing concurring opinion.